■ Thaddeus Jackson et al., Respondents, v City of New York et al., Appellants. [865 NYS2d 613]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated May 21, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The infant plaintiff Thaddeus Jackson (hereinafter Thaddeus) and his mother Zania Jackson commenced this action, inter alia, to recover damages for injuries Thaddeus allegedly sustained when he fell on a chair while playing a game of tag in the plaintiffs' apartment in a building owned by the defendant City of New York and operated by the defendant Women in Need, Inc. The plaintiffs alleged that the defendants negligently provided unsafe furniture in the apartment and allowed too many tenants to inhabit the apartment.

Contrary to the defendants' contention, the City is not entitled to immunity from negligence claims when such claims arise from the City's performance of its duties in its proprietary capacity as a landlord (*see Miller v State of New York*, 62 NY2d 506 [1984]). Instead, when the City owns a building in which people live, it is subject to the same principles of tort law as a private landlord (*id.*).

To hold a landlord liable for a hazardous condition upon its property, a plaintiff must show that the landlord either created the condition or had actual or constructive notice of its existence (*see Plakstis v Lighthouse, LLC*, 37 AD3d 573 [2007]). Additionally, a landlord is not liable to a tenant for dangerous conditions on leased premises absent a duty to repair imposed by statute, regulation, or contract (*see Rivera v Nelson Realty, LLC*, 7 NY3d 530 [2006]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not breach their duty because no dangerous condition existed within the apartment, in light of the fact that the chair was not defective (*id.*). Moreover, the defendants demonstrated that Thaddeus's own behavior in choosing to play tag inside the plaintiffs' apartment was the proximate cause of his injuries (*see Sheehan v City of New York*, 40 NY2d 496 [1976]). In opposition, the plaintiff failed to raise a triable issue of fact. Ac-

cordingly, the defendants are entitled to summary judgment dismissing the complaint (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.