HELENE CHOWES, Respondent, v JEANETTE ASLAM et al., Defendants, and INDEPENDENCE COMMUNITY BANK et al., Appellants-Respondents. [872 NYS2d 474]—

In an action to recover damages for personal injuries, the defendant Independence Community Bank appeals, and the defendant City of New York separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated October 11, 2007, as denied their respective cross motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) the defendant Independence Community Bank appeals, as limited by its brief, from so much of an order of the same court dated February 4, 2008, as, in effect, denied that branch of its motion which was for leave to renew.

Ordered that the order dated October 11, 2007, is reversed, on the law, and the cross motions of the defendants Independence Community Bank and City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against them are granted; and it is further,

Ordered that the appeal from the order dated February 4, 2008, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents.

On December 25, 2003, the defendant Jeanette Aslam was traveling eastbound in her vehicle on Foster Avenue near the intersection of East 15th Street in Brooklyn when she decided to make a U-turn. As she completed that maneuver, she suddenly saw a bicyclist in front of her and, to avoid colliding with the bicyclist, she sounded her horn, swerved to the right, and attempted to apply the brakes. Instead of applying the brakes, however, she stepped on the accelerator, and her car mounted the curb and struck the plaintiff, who had been standing on the sidewalk in front of a branch of Independence Community Bank (hereinafter Independence). The plaintiff thereafter commenced this action against, among other entities, the City of New York and Independence, contending, inter alia, that the City and Independence either failed to maintain the sidewalk in a safe condition for pedestrians or actively caused a defect in the sidewalk. Specifically, the plaintiff asserted that the curb was too low or that barriers should have been installed to protect pedestrians. The City and Independence separately cross-moved for summary judgment, each contending, inter alia, that any negligence on its part was not a proximate cause of the accident. The Supreme Court denied both cross motions. We reverse.

The City and Independence submitted evidence sufficient to establish, prima facie, that the sole proximate cause of the plaintiff's injuries was Aslam's negligent operation of her vehicle in swerving toward the sidewalk and applying the accelerator rather than the brakes (see *Chunhye Kang-Kim v City of New York,* 29 AD3d 57, 62 [2006]; *Rodriguez v Gutierrez,* 217 AD2d 692 [1995]; *Grandy v Bavaro,* 134 AD2d 957, 958 [1987]; cf. *Abazis v Parks,* 189 AD2d 739 [1993]). In opposition, the plaintiff failed to raise a triable issue of fact (see *Farrell v Lowy,* 192 AD2d 691 [1993]).

In light of our determination, the parties' remaining contentions need not be reached. Fisher, J.P., Miller, Carni and Balkin, JJ., concur. [*See* 17 Misc 3d 1111(A), 2007 NY Slip Op 51922(U).]