■ DAWN DICK et al., Appellants, v TOWN OF WAPPINGER, Respondent. [880 NYS2d 180]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Dolan, J.), dated February 8, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff Dawn Dick alleged that on October 16, 2006 she tripped and fell at the entrance to the New York State Police barracks in Wappinger Falls. The entrance to the barracks was situated upon real property owned by the defendant Town of Wappinger and leased to the New York State Police pursuant to a written lease. The Town was identified in the lease as the "LANDLORD." The building was not occupied or utilized by the Town for town government employees and contained no town offices or departments. The Town received annual rental

payments from the New York State Police pursuant to the written lease.

The Town moved for summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the defect as required pursuant to Town Law § 65-a (2). The Supreme Court granted the motion on this ground, and we reverse.

When a municipality leases property and acts as a landlord, it functions in a proprietary capacity and is, therefore, subject to the same principles of tort law as a private landlord (*see Jackson v City of New York*, 55 AD3d 546, 547 [2008], citing *Miller v State of New York*, 62 NY2d 506 [1984]). Accordingly, the plaintiffs were not required to establish prior written notice to the Town of the alleged defect in the entranceway of the leased premises in order to maintain this action against the Town in its proprietary capacity.

The dissent, in an attempt to bring this location within the language of Town Law § 65-a (2) and Wappinger Town Code § 214-27, characterizes the entrance as a "sidewalk." This nomenclature does not alter the fact that this entrance is situated upon premises leased by the Town to a third party. Thus, the entrance was not related to any activity by the Town in its governmental capacity. Regardless of what name is assigned to this entrance, the Town was acting as a private landlord in a propriety capacity. Thus, Town Law § 65-a (2) and Wappinger Town Code § 214-27 have no application, ab initio, and, contrary to the dissent's analysis, there is simply no need to create a "third exception" to the prior written notice rule. Mastro, J.P., Santucci and Carni, JJ., concur.

Rivera, J. (dissenting and voting to affirm the order granting the defendant's motion for summary judgment dismissing the complaint, with the following memorandum, in which Justice Dickerson concurs). On October 16, 2006 the plaintiff Dawn Dick (hereinafter the plaintiff) allegedly fell due to a defective sidewalk condition outside of the New York State Police barracks (hereinafter the police barracks) located in Dutchess County. The premises upon which the police barracks was located was leased to the State of New York by the defendant Town of Wappinger.

The plaintiff and her husband, suing derivatively, commenced the instant action. Following joinder of issue, the Town moved for summary judgment dismissing the complaint on the ground that it had no prior written notice of the allegedly defective condition, as required under Town Law § 65-a (2). In opposition, the plaintiffs did not dispute the Town's contention that

there had been no prior written notice. Instead, the plaintiffs argued, inter alia, that prior written notice was not necessary because the Town was acting in a proprietary capacity as landlord, rather than in a governmental capacity. The Supreme Court granted the Town's motion for summary judgment dismissing the complaint. My colleagues in the majority are persuaded by the plaintiffs' contention and now reverse the order.

I respectfully disagree with the majority's determination that the plaintiffs are not required to establish that the Town had prior written notice of the alleged defect. The leasing of the premises by the defendant to the State of New York is not dispositive. It is a red herring. This case falls squarely within the established prior written notice precedents.

Town Law § 65-a (2) provides: "No civil action shall be maintained against any town or town superintendent of highways for damages or injuries to person or property sustained by reason of any defect in its sidewalks or in consequence of the existence of snow or ice upon any of its sidewalks, unless such sidewalks have been constructed or are maintained by the town or the superintendent of highways of the town pursuant to statute, nor shall any action be maintained for damages or injuries to person or property sustained by reason of such defect or in consequence of such existence of snow or ice unless written notice thereof, specifying the particular place, was actually given to the town clerk or to the town superintendent of highways, and there was a failure or neglect to cause such defect to be remedied, such snow or ice to be removed, or to make the place otherwise reasonably safe within a reasonable time after the receipt of such notice."

There is a parallel provision in the Wappinger Town Code, which is substantially identical to section 65-a (2) of the Town Law (*see* Wappinger Code § 214-27).

This Court is a court of precedent. "[P]recedents and rules must be followed, unless flatly absurd or unjust" (1 Blackstone, Commentaries on the Law of England, at 70 [3d ed 1765]; *see Matter of Eckart,* 39 NY2d 493, 498 [1976]; *see also People v Hobson,* 39 NY2d 479, 488 [1976]; *Matter of Poldrugovaz,* 50 AD3d 117, 120 [2008]; *Samuels v New York State Dept. of Health,* 29 AD3d 9, 17 [2006], *affd* 7 NY3d 338 [2006]).

Our analysis must focus upon the nature of the alleged condition upon which liability is predicated.

In a very recent opinion, the Court of Appeals explained: "The purpose of a prior written notice provision is to place a municipality on notice that there is a defective condition on

*publicly-owned property* which, if left unattended, could result in injury. This ensures that a municipality, which is *not expected to be cognizant of every crack or defect within its borders*, will not be held responsible for injury from such defect unless given an opportunity to repair it. The policy behind this rule is to limit a municipality's duty of care over its streets and sidewalks 'by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specific location.' " (*Gorman v Town of Huntington,* 12 NY3d 275, 279 [2009], quoting *Poirier v City of Schenectady,* 85 NY2d 310, 314 [1995] [emphasis supplied]).

To date, the Court of Appeals has recognized only two exceptions to the prior written notice rule: (1) where the municipality created the defect or hazard through an affirmative act of negligence, or (2) where a "special use" confers a special benefit upon the municipality (*see Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]). The majority's determination would, in effect, create a third exception, namely, it would excuse the lack of prior written notice requirement where a municipality functions in a proprietary capacity. Respectfully, such an exception is not for this Court to self-create. Where, as here, a municipality properly relies upon its prior written notice statute, I would not strip the municipality of the protections thereof.

The single case relied upon by the majority is entirely distinguishable. In *Jackson v City of New York* (55 AD3d 546, 547 [2008]), an infant plaintiff allegedly sustained injuries when he fell on a chair while playing a game of tag in the plaintiffs' apartment in a building owned by the defendant City of New York and operated by the defendant Women in Need, Inc. The injured plaintiff and his mother alleged that the defendants negligently provided unsafe furniture in the apartment and allowed too many tenants to inhabit the apartment. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. This Court reversed, stating that the City was "not entitled to immunity from negligence claims when such claims arise from the City's performance of its duties in its proprietary capacity as a landlord" (*id.*). Significantly, *Jackson* did *not* involve any prior written notice provision.

In *Jackson,* this Court cited to *Miller v State of New York* (62 NY2d 506 [1984]). *Miller* involved a claimant at SUNY Stony Brook who was accosted in the laundry room of her dormitory, and raped at knifepoint in a dormitory room. The liability in Miller was predicated upon negligence relating to safety and security prevention methods against criminal conduct by third parties on premises owned by the municipality. Therein, the

Court of Appeals stated, "It is not disputed that when the State acts in a proprietary capacity as a landlord, it is subject to the same principles of tort law as is a private landlord" (*id.* at 511). As in *Jackson, Miller* did not address, even in passing, the issue at bar. Notably, neither *Jackson* nor *Miller* involved alleged defects or dangerous conditions in sidewalks. The facts of those two cases do not even remotely implicate prior written notice requirements. Neither *Jackson* nor *Miller* provide the precedential justification for the plaintiffs' desired outcome.

Whether described as "entrance to the barracks," a "walkway," a "sidewalk," or a foot pavement, the location of the plaintiff's alleged trip and fall is undisputedly a concrete slab upon which humans traverse, nomenclatures and characterizations notwithstanding. The record speaks for itself. No one is attempting to fit this location within the meaning of any statute by utilizing one descriptive term or another.

Simply stated, in the absence of any legal precedent directly on point, expressly excepting prior written notice requirements based upon the ground relied upon by the plaintiffs and embraced by the majority, I would not obviate the prior written notice requirement.

Inasmuch as the Town has made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the alleged defective condition and, in opposition thereto, the plaintiffs failed to raise a triable issue of fact, I would affirm the order appealed from.