■ CUTERRA TYSON, Respondent-Appellant, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant-Respondent. [891 NYS2d 143]—

This case arises from a dispute over a fire insurance policy issued by the defendant to the plaintiff on a two-family house owned by the plaintiff in St. Albans, Queens. While the plaintiff was under contract to sell the house, it was badly damaged by a fire. Nevertheless, the plaintiff allegedly sold the property after the fire at the original contract price. Thereafter, the plaintiff and the defendant disputed the amount due under the provisions of the policy. The plaintiff commenced this action seeking damages for breach of contract, and eventually moved for summary judgment on the complaint. The defendant opposed the plaintiff's motion and cross-moved for leave to amend its answer to assert an affirmative defense that the plaintiff had breached a condition of the policy. The Supreme Court denied the motion

and the cross motion, and later denied the plaintiff's motion for leave to reargue and renew her prior motion for summary judgment on the complaint.

Contrary to the plaintiff's contentions, the Supreme Court properly denied her motion for summary judgment on the complaint because she failed to meet her initial burden of establishing her prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Under the so-called "broad rule of evidence" applicable here, the plaintiff failed to establish the "actual cash value" of the loss, a burden she was required to carry under the policy since the fire damage had not been repaired (*see Gervant v New England Fire Ins. Co.*, 306 NY 393, 398 [1954]; *McAnarney v Newark Fire Ins. Co.*, 247 NY 176, 184 [1928]; *Mazzocki v State Farm Fire & Cas. Corp.*, 1 AD3d 9, 12 [2003]; *Incardona v Home Indem. Co.*, 60 AD2d 749, 750 [1977]). Further, the Supreme Court properly denied the plaintiff's motion for leave to renew her motion, since she did not offer a reasonable justification for failing to present in her initial motion the documentary evidence offered in support of renewal (*see* CPLR 2221 [e]; *Renna v Gullo*, 19 AD3d 472 [2005]).

The Supreme Court erred, however, in denying the defendant's cross motion for leave to amend its answer. Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). The defendant sought to amend its answer to include as an affirmative defense that the plaintiff had breached the policy's "[c]oncealment or fraud" condition. Contrary to the plaintiff's contention, the proposed amendment was not patently devoid of merit. Therefore, with no showing of prejudice or surprise resulting directly from the defendant's delay in seeking leave, the court should have granted the defendant's cross motion for leave to amend its answer. Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.