■ DJELJOS SINISTAJ, Also Known as GJELOSH SINISHTAJ, et al., Appellants, v MICHAEL E. MAIER, Respondent. (Action No. 1.) DJELJOS SINISTAJ, Also Known as GJELOSH SINISHTAJ, et al., Appellants, v MICHAEL E. MAIER et al., Respondents. (Action No. 2.) [918 NYS2d 196]——

The plaintiffs allege that they were sitting in their vehicle which was parked at a gas station owned by Getty Properties Corp. and Getty Petroleum Marketing, Inc. (hereinafter together Getty), and leased to M&T Mini Mart Corp. (hereinafter M&T), when Michael Maier lost control of his vehicle, left the roadway, entered the gas station, and struck their vehicle. The plaintiffs commenced action No. 1 against Maier. On December 9, 2008, the plaintiffs commenced action No. 2 against Getty and another entity, which the plaintiffs erroneously assumed was the lessee of the premises. In March 2009 the plaintiffs filed a supplemental summons and an amended complaint under the index number for action No. 2, without leave of court, naming as defendants Maier, Getty, and M&T.

In July 2009 the plaintiffs moved, inter alia, for leave to amend the complaint to add M&T as a defendant in action No. 2. M&T cross-moved, among other things, to dismiss the complaint insofar as asserted against it. Getty cross-moved, inter alia, for summary judgment dismissing the complaint in action No. 2 insofar as asserted against it. The Supreme Court, among other things, denied that branch of the plaintiffs' motion which was for leave to amend the complaint to add M&T as a defendant, granted that branch of M&T's cross motion which was to dismiss the amended complaint insofar as asserted against it, and granted that branch of Getty's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs appeal.

Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; *Feldman v Finkelstein & Partners, LLP*, 76 AD3d 703 [2010]; *Tyson v Tower Ins. Co. of N.Y.*, 68 AD3d 977 [2009]). The Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to amend the complaint in action No. 2 to add M&T as a defendant, as the proposed amendment was patently devoid of merit.

The Supreme Court properly granted that branch of Getty's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it since Maier's alleged negligent operation of his vehicle was an unforeseeable act

breaking the chain of causation between Getty's alleged negligence and the plaintiffs' injuries (*see Chowes v Aslam*, 58 AD3d 790 [2009]; *Rodriguez v Gutierrez*, 217 AD2d 692 [1995]; *Abazis v Parks*, 189 AD2d 739 [1993]; *Rivera v Goldstein*, 152 AD2d 556 [1989]). In opposition to the motion, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.