■ John Degregorio et al., Appellants, v American Manufacturers Mutual Insurance Company, Defendant, and Steve Kaplan et al., Respondents. [934 NYS2d 457]—

The defendant Greens at Half Hollow, LLC (hereinafter Greens LLC), obtained approval from the Town of Huntington to construct in Melville a residential community and golf course for people 55 years of age and over, to be known as the Greens at Half Hollow (hereinafter the Greens Community). Greens LLC and its general contractor obtained performance bonds for highway construction from the defendant American Manufacturers Mutual Insurance Company (hereinafter AMMIC) in favor of the Town with respect to the development of the Greens Community. Actions were commenced involving the Town and AMMIC and the Town and Greens LLC with respect to the construction of the Greens Community. These actions were resolved pursuant to a settlement agreement executed July 23, 2008, which provided that Greens LLC would perform certain required remediation work within one year of the date of the settlement agreement.

Subsequent to the expiration of that one-year period, the

plaintiffs, who are residents of the Greens Community, as well as members of the Greens at Half Hollow Homeowners Association, Inc. (hereinafter the HOA), duly-elected members of the Board of Directors of the HOA and presidents of Condominiums I, II, III, and IV, commenced this action against AMMIC and the defendants Steve Kaplan, Greens LLC, Greens at Half Hollow Golf Club LLC, Adriatic Development Corp., and Sherry Stolzenberg (hereinafter collectively the sponsor defendants). The complaint asserted three causes of action. The first two causes of action sought to recover damages from AMMIC under the two performance bonds. The third cause of action sought to recover damages for breach of fiduciary duty and breach of contract as against the sponsor defendants.

AMMIC moved pursuant to CPLR 3211 (a) (1), (3) and (7) to dismiss the complaint insofar as asserted against it (the first and second causes of action). The plaintiffs cross-moved for leave to amend the caption and the complaint to substitute the HOA as the plaintiff in place of the existing plaintiffs. The sponsor defendants did not move to dismiss the third cause of action. However, they did submit an affirmation of their attorney in support of AMMIC's motion to dismiss the complaint insofar as asserted against it. They also did not oppose the plaintiffs' cross motion.

In the order appealed from, the Supreme Court, inter alia, granted that branch of AMMIC's motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against it and, sua sponte, in effect, directed the dismissal of the third cause of action, which was only asserted against the sponsor defendants. It also denied the plaintiffs' cross motion for leave to amend the caption and complaint as academic. The plaintiffs appeal. We reverse the order insofar as appealed from.

The argument before the Supreme Court concerned the plaintiffs' lack of standing with respect to enforcement of the performance bonds issued to the Town. The question of the plaintiffs' standing with respect to their claims against the sponsor defendants was not addressed either by the parties in their submissions or by the Supreme Court in its order. Moreover, there were no extraordinary circumstances warranting the sua sponte dismissal of the third cause of action (*see U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048-1049 [2011]; *Ling Fei Sun v City of New York*, 55 AD3d 795, 796 [2008]; *Rienzi v Rienzi*, 23 AD3d 450 [2005]). Thus, the Supreme Court erred in, sua sponte, in effect, directing the dismissal of the third cause of action against the sponsor defendants.

Further, "[m]otions for leave to amend pleadings should be

freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Sinistaj v Maier*, 82 AD3d 868, 869 [2011]; *see* CPLR 3025 [b]; *Sabatino v 425 Oser Ave., LLC*, 87 AD3d 1127 [2011]; *Jablonski v Jakaitis*, 85 AD3d 969, 970-971 [2011]; *Maya's Black Cr., LLC v Angelo Balbo Realty Corp.*, 82 AD3d 1175, 1175-1176 [2011]). Here, the plaintiffs' cross motion for leave to amend the caption and the complaint to substitute the HOA as the plaintiff should have been granted since the HOA could have brought the third cause of action against the sponsor defendants in the first instance had it not been controlled by the sponsor defendants at the time (*see e.g. Matter of Highland Hall Apts., LLC v New York State Div. of Hous. & Community Renewal*, 66 AD3d 678, 682 [2009]; *Fulgum v Town of Cortlandt Manor*, 19 AD3d 444, 445-446 [2005]). Since the sponsor defendants did not contend that they would be prejudiced or surprised by the amendment, and there is no evidence in the record to support such a contention, the Supreme Court improvidently exercised its discretion in denying the plaintiffs' cross motion for leave to amend the caption and the complaint. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.