■ ALLISON MACCARELLO et al., Appellants, v COUNTY OF SUFFOLK, Defendant/Third-Party Plaintiff-Respondent. CORNELL COOPERATIVE EXTENSION ASSOCIATION OF SUFFOLK COUNTY, Third-Party Defendant-Respondent. [954 NYS2d 609]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal (1) from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered November 17, 2010, which, upon the granting of the defendant/third-party plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, made at the close of the plaintiffs' case, is in favor of the defendant/third-party plaintiff and against them dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court dated January 19, 2011, as, upon reargument, adhered to the original determination.

Ordered that the judgment is reversed, on the law, the defendant/third-party plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

On February 3, 2004, the plaintiff Allison Maccarello (hereinafter the injured plaintiff) slipped and fell on ice in a parking lot while walking to her place of business, one of the 17 outbuildings on the property known as the Suffolk County Farm (hereinafter the Farm). The building in which the injured plaintiff worked was known as the 4-H building (hereinafter the Premises) and was located in Yaphank. The Farm and the Premises are owned by the defendant County of Suffolk. The third-party defendant, the plaintiff's employer, Cornell Cooperative Extension Association of Suffolk County (hereinafter Cornell), entered into an agreement with the County pursuant to which Cornell managed the Farm and performed certain services there for the County. Pursuant to this agreement, Cornell used and occupied the Premises, and the County agreed to provide snow removal services. In this action, the injured plaintiff, and her husband suing derivatively, alleged that the County was negligent in the ownership, operation, maintenance, management, supervision, and control of the premises, inter alia, in failing to keep the parking lot at the premises free of ice, thereby creating a dangerous and defective condition of which the County had actual and constructive notice.

At the liability portion of the bifurcated trial, the plaintiffs

conceded that no written notice of a defective or icy condition at the premises was sent to the County prior to the injured plaintiff's fall, but contended that no such notice was required because here, the County was not being sued as a result of a negligent execution of its governmental duties, but rather, in its proprietary capacity as a property owner, and thus it owed the same duty to maintain its property as a private landowner.

Upon the plaintiffs' concession regarding the lack of prior written notice, the County moved pursuant to CPLR 4401, at the close of the plaintiffs' case, for judgment as a matter of law on the ground that the plaintiffs failed to comply with the County's prior written notice law (*see* Suffolk County Charter § C8-2 [A]). The Supreme Court granted the motion and, thereupon, entered a judgment dismissing the complaint. The plaintiffs, in effect, moved for leave to reargue and, in the order appealed from, the Supreme Court, upon reargument, adhered to its prior determination.

When a governmental agency is acting in a proprietary capacity as a property owner or landowner, it owes the same duty to maintain its property as a private landowner (*see Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428 [2011], *cert denied sub nom. Ruiz v Port Auth. of N.Y. & N.J.*, 568 US —, 131 S Ct 133 [2012]; *Miller v State of New York*, 62 NY2d 506 [1984]; *Dick v Town of Wappinger*, 63 AD3d 661 [2009]). Here, since the County merely leased the Premises to Cornell, and thus acted as a landlord, and its responsibility to remove snow and ice from the Premises' paved areas arose from its agreement with Cornell, the County was functioning in a proprietary capacity (*see Dick v Town of Wappinger*, 63 AD3d at 662). Thus, prior written notice was not necessary in order to find the County negligent (*id.*).

Accordingly, the judgment must be reversed, the motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint denied, the complaint reinstated, and the matter remitted to the Supreme Court, Suffolk County, for a new trial. Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.