French v Long Is. Children's Museum (2018 NY Slip Op 05286)





French v Long Is. Children's Museum


2018 NY Slip Op 05286


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-02829
 (Index No. 13935/12)

[*1]Margaret French, respondent, 
v
Long Island Children's Museum, et al., appellants, et al., defendants.


Jared A. Kasschau, County Attorney, Mineola, NY (Nicholas Vevante of counsel), for appellants.
Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Joseph Bavaro and Beth S. Gereg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Long Island Children's Museum, Nassau County, Nassau County Department of Public Works, and Nassau County Department of Parks, Recreation and Museums appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered December 22, 2015. The order denied the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she tripped and fell on a raised portion of sidewalk located on property that had been leased by the defendant Nassau County to the defendant Long Island Children's Museum (hereinafter the Museum). The plaintiff thereafter commenced this action to recover damages for personal injuries. The Museum, the County, and the defendants Nassau County Department of Public Works and Nassau County Department of Parks, Recreation and Museums (hereinafter collectively the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion, and the defendants appeal.
Contrary to the defendants' contention, they did not demonstrate their prima facie entitlement to judgment as a matter of law on their argument that the County did not receive prior written notice of the alleged defect as required by Nassau County Administrative Code § 12-4.0(e). "When a governmental agency is acting in a proprietary capacity as a property owner or landowner, it owes the same duty to maintain its property as a private landowner" (Maccarello v County of [*2]Suffolk, 100 AD3d 972, 974; see Miller v State of New York, 62 NY2d 506, 511; Dick v Town of Wappinger, 63 AD3d 661, 662). Here, prior written notice was not required because the County, which had leased the premises to the Museum, was acting in a proprietary capacity (see Maccarello v County of Suffolk, 100 AD3d at 973; Dick v Town of Wappinger, 63 AD3d at 662).
The defendants failed to demonstrate, prima facie, their entitlement to judgment as a matter of law on the ground that their alleged negligence was not a proximate cause of the plaintiff's alleged injuries. Contrary to the defendants' contention, the movement of other individuals on the subject sidewalk, which led the plaintiff to walk on the allegedly defective portion of the sidewalk, did not constitute an unforeseeable act breaking the chain of causation between the defendants' alleged negligent maintenance of the sidewalk and the plaintiff's injuries (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315-316; cf. Sinistaj v Maier, 82 AD3d 868, 869).
The defendants failed to demonstrate, prima facie, that the alleged defective condition on the sidewalk was trivial as a matter of law, and thus, nonactionable. There is no "minimal dimension test or per se rule" that the condition must be of a certain height to be actionable (Trincere v County of Suffolk, 90 NY2d 976, 977; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77). "[P]hysically small defects [are] actionable when their surrounding circumstances or intrinsic characteristics make them difficult for a pedestrian to see or to identify as hazards or difficult to traverse safely on foot" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79). "In determining whether a defect is trivial as a matter of law, a court must examine all of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury" (Perez v 655 Montauk, LLC, 81 AD3d 619, 619-620; see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77; Trincere v County of Suffolk, 90 NY2d at 977; Pitt v New York City Tr. Auth., 146 AD3d 826, 828).
Here, considering, among other things, the dimensions of the defect, the apparent irregularity of the surface, and the evidence that the raised portion of the sidewalk was covered with caulking that made the defect difficult to see, the defendants failed to demonstrate that the defect was trivial as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66; Sahni v Kitridge Realty Co., Inc., 114 AD3d 837, 838; Shmidt v JPMorgan Chase & Co., 112 AD3d 811, 811-812; Mishaan v Tobias, 32 AD3d 1000, 1001-1002).
The defendants' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court