Green v Himon (2018 NY Slip Op 07248)





Green v Himon


2018 NY Slip Op 07248


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


7521 161441/14

[*1]Sian Green, Plaintiff-Appellant,
v
Faysal Kabir Mohammad Himon, et al., Defendants, 1251 American Associates II LP initially sued herein as Mitsui Fudosan America, Inc. et al. Defendant-Respondent.


Kaplan, Williams & Graffeo LLC, New York (Kashif T. Chand of counsel), for appellant.
Gerber Ciano Kelly Brady LLP, Garden City (Robert W. Berbenich of Counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered July 3, 2017, which granted the motion of defendant 1251 America Associates II LP i/s/h/a Mitsui Fudosan America, Inc. (1251 America) to dismiss the complaint and all cross claims as against it, unanimously affirmed, without costs.
Plaintiff sustained severe injuries when, while standing on the sidewalk adjacent to a building owned by defendant 1251 America, a taxicab hopped the curb and struck her. Moments before the accident, defendant taxicab driver had an altercation with defendant bike messenger. The taxicab driver then allegedly steered his vehicle into the bike messenger, striking plaintiff in the process.
1251 America's motion was properly granted because it had no duty to install barriers on the public sidewalk to prevent against the unforeseeable risk that a car would mount the sidewalk and strike a pedestrian (see Pulka v Edelman, 40 NY2d 781 [1976]; Jiminez v Shahid, 83 AD3d 900 [2d Dept 2011], lv denied 18 NY3d 807 [2012]; Grandy v Bavaro, 134 AD2d 957 [4th Dept 1987], lv denied 71 NY2d 802 [1988]). Plaintiff's reliance on Administrative Code of City of NY § 7-210 is misplaced. Section 7-210 requires owners of property abutting the public sidewalk to perform various types of maintenance on the sidewalk, including replacing defective sidewalk flags and removing "snow, ice, dirt, or other material from the sidewalk" (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008]). Since the statute imposes a new duty on landowners "in derogation of common law" and creates liability where none previously existed, it "must be strictly construed" (id. [internal quotation marks omitted]), and cannot be interpreted to extend the landowner's obligations beyond the types of maintenance work listed in the statute and require them to protect pedestrians from remote risks posed by vehicular traffic.
Nor is there any basis for finding that 1251 America was a proximate cause of the accident, which occurred when the taxi driver drove onto the sidewalk after an altercation with [*2]the bike messenger (see Sheryll v United Gen. Constr., 138 AD3d 612 [1st Dept 2016], lv denied 28 NY3d 904 [2016]; Chowes v Aslam, 58 AD3d 790 [2d Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK