Pensabene v City of New York (2019 NY Slip Op 04185)





Pensabene v City of New York


2019 NY Slip Op 04185


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-10296
 (Index No. 18446/11)

[*1]Joseph Pensabene, respondent, 
v
City of New York, defendant, Roni Black, etc., et al., appellants.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Marshall D. Sweetbaum], of counsel), for appellants.
Louis Grandelli, P.C., New York, NY (Ari R. Lieberman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Roni Black and Frances Fortinash, as executors of the estate of Sarah Tomkin, also known as Sylvia Tomkin, appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated June 22, 2018. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 25, 2010, the plaintiff allegedly was injured when he tripped and fell on the sidewalk in front of premises located at 2017 71st Street in Brooklyn. In August 2011, he commenced this action against the City of New York and purportedly also Sylvia Tomkin, the person who, according to the last recorded deed of the premises, was the owner of the premises. Subsequently, the plaintiff learned that Sylvia Tomkin had died on February 12, 2007.
The plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to add Roni Black and Frances Fortinash, as executors of the estate of Sarah Tomkin, also known as Sylvia Tomkin (hereinafter the executors), as defendants to this action. On January 23, 2013, the Supreme Court granted the plaintiff's motion without opposition. The amended summons and amended complaint were served on the executors, and they interposed an answer. Thereafter, the executors participated in discovery. In August 2017, after the statute of limitations had expired, the executors moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The court denied the motion, and the executors appeal.
Contrary to the executors' contentions, the Supreme Court had jurisdiction to grant the plaintiff's motion to amend the complaint, adding the executors as party defendants to this action. Although the death of Sylvia Tomkin prior to the commencement of this action rendered the action, insofar as asserted against her, a legal nullity from its inception, the action continued insofar as asserted against the City (see Jordan v City of New York, 23 AD3d 436). CPLR 3025(b) allows a plaintiff to amend his or her complaint, with leave of court, to add a party defendant (see Sabatino v 425 Oser Ave., LLC, 87 AD3d 1127, 1129; Sinistaj v Maier, 82 AD3d 868, 869; WMC Mtge. Corp. v Vandermulen, 63 AD3d 1050). We agree with the court's determination to permit the plaintiff to [*2]amend his complaint to add the executors as parties.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court