Wilmington Trust Co. v Valdivieso (2022 NY Slip Op 04757)

Wilmington Trust Co. v Valdivieso

2022 NY Slip Op 04757

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-03980
 (Index No. 9594/08)

[*1]Wilmington Trust Company, etc., respondent,
v
Manuel Valdivieso, appellant, et al., defendants.

Berg & David PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Manuel Valdivieso appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 6, 2019. The order, insofar as appealed from, upon renewal, vacated a prior determination in an order of the same court dated September 13, 2017, granting that branch of the prior cross motion of the defendant Manuel Valdivieso which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and thereupon denied that branch of the prior cross motion.
ORDERED that the order dated February 6, 2019, is affirmed insofar as appealed from, with costs.
In March 2008, the plaintiff's predecessor in interest, First United Mortgage Banking Corp. (hereinafter First United), commenced this action to foreclose a mortgage against the defendant Manuel Valdivieso (hereinafter the defendant), among others. According to the affidavit of service, the defendant was personally served with the summons and complaint. The defendant failed to answer the complaint. In December 2013, First United moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order dated November 12, 2014, the Supreme Court denied those branches of First United's motion for failure to comply with RPAPL 1303, and substituted Wilmington Trust Company as the plaintiff. In February 2014, the defendant had cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction; however, the defendant's cross motion was "marked off" the calendar in June 2014. In September 2015, counsel for the defendant filed a notice of appearance. Thereafter, in October 2015, the defendant transferred the subject premises to Evergreen 2014, LLC.
In January 2016, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. The defendant opposed the motion and cross-moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, resulting in a hearing to determine the validity of service of process. At the conclusion of the hearing, the Supreme Court determined that service was defective. In an order [*2]dated September 13, 2017, the court, inter alia, granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
In March 2018, the plaintiff moved, inter alia, for leave to renew its opposition to the defendant's cross motion. The defendant opposed the motion. In an order dated February 6, 2019, the Supreme Court, inter alia, granted the plaintiff leave to renew its opposition to the defendant's prior cross motion, and, upon renewal, inter alia, vacated the prior determination in the order dated September 13, 2017, granting that branch of the defendant's prior cross motion, and thereupon, denied that branch of the prior cross motion. The defendant appeals.
While the defendant's conveyance of his interest in the subject property to a third party during the pendency of this foreclosure action effectively divested the defendant of standing to challenge the plaintiff's requests for relief (see Moret, LLC v NewBank, 194 AD3d 809, 810; U.S. Bank N.A. v Davids, 188 AD3d 943, 944), contrary to the plaintiff's assertion, so long as the defendant remained a named party in the action, he retained the right to contest the Supreme Court's jurisdiction over him pursuant to CPLR 3211(a)(8) (see Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d 973, 974).
However, contrary to the defendant's contention, he waived his defense of lack of personal jurisdiction. While the defendant had filed a cross motion to dismiss the complaint pursuant to CPLR 3211(a)(8) in February 2014, the cross motion was "marked off" the calendar, and therefore did not preserve his jurisdictional objection (see generally Matter of Lindenwood Cut Rate Liqs., Ltd. v New York State Liq. Auth., 161 AD3d 1077, 1078; Chambers v City of New York, 111 AD3d 593). Moreover, "'[t]he filing of a notice of appearance in an action by a party's counsel serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction'" (Deutsche Bank Natl. Trust Co. v Vu, 167 AD3d 844, 846, quoting U.S. Bank N.A. v Pepe, 161 AD3d 811, 812; see U.S. Bank N.A. v Adolphe, 170 AD3d 1236, 1237). Here, the defendant waived his objection to personal jurisdiction when his counsel filed a notice of appearance in September 2015 and did not raise any jurisdictional objection. Notably, the defendant failed to move to dismiss the complaint for lack of personal jurisdiction until nearly one year later (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1010; JP Morgan Chase Bank, N.A. v Jacobowitz, 176 AD3d 1191, 1192).
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court