LaSalle Bank N.A. v Abedin (2025 NY Slip Op 01361)

LaSalle Bank N.A. v Abedin

2025 NY Slip Op 01361

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LOURDES M. VENTURA, JJ.

2022-05539
 (Index No. 707122/21)

[*1]LaSalle Bank National Association, etc., respondent-appellant, 
v
Mohammed Jaynal Abedin, appellant-respondent, et al., defendants.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant-respondent.
Hinshaw & Culbertson LLP, New York, NY (Ben Z. Raindorf and Anthony P. Scali of counsel), for respondent-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mohammed Jaynal Abedin appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered June 9, 2022. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, or, in the alternative, pursuant to 22 NYCRR 202.48(b) to vacate a decision of the same court dated December 22, 2016, and an order of the same court dated December 6, 2019. The order, insofar as cross-appealed from, denied those branches of the plaintiff's cross-motion which were pursuant to CPLR 1018 and, in effect, CPLR 1021 for leave to amend the caption to substitute One Six Nine, Inc., as a party defendant in place of the defendant Mohammed Jaynal Abedin and pursuant to CPLR 3025(b) for leave to amend the complaint accordingly.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and those branches of the plaintiff's cross-motion which were pursuant to CPLR 1018 and, in effect, CPLR 1021 for leave amend the caption to substitute One Six Nine, Inc., as a party defendant in place of the defendant Mohammed Jaynal Abedin and pursuant to CPLR 3025(b) for leave to amend the complaint accordingly are granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On October 2, 2006, the defendant Mohammed Jaynal Abedin executed a note in the sum of $396,000 in favor of First Franklin. The note was secured by a mortgage on certain real property located in Jamaica. Abedin allegedly defaulted on his obligations under the note and mortgage by failing to make the monthly payments due on September 1, 2007, and thereafter. In February 2008, the plaintiff, First Franklin's successor in interest, commenced this action against Abedin, among others, to foreclose the mortgage. By order dated June 8, 2009, the Supreme Court granted the plaintiff's motion, inter alia, for leave to serve Abedin by publication and to appoint a guardian ad litem to represent his interests. The plaintiff thereafter published the requisite notices [*2]in a local newspaper. Although Abedin failed to interpose an answer, his guardian ad litem filed a notice of appearance in October 2014.
In May 2016, after the Supreme Court denied the plaintiff's renewed motion for leave to enter a default judgment against Abedin and for an order of reference, the plaintiff moved, among other things, for leave to reargue its prior renewed motion. While the plaintiff's motion was pending, Abedin, by deed dated October 19, 2016, and recorded on November 10, 2016, conveyed the subject property to 40-69 Junction Boulevard, Inc. (hereinafter Junction). In a decision dated December 22, 2016 (hereinafter the December 2016 decision), the court, inter alia, concluded that the plaintiff was entitled to leave to reargue its prior renewed motion, as well as to a default judgment against Abedin and the appointment of a referee to compute the amounts due. In the December 2016 decision, the court directed the plaintiff to "[s]ettle order." The plaintiff thereafter submitted a proposed order to the court, which was rejected without prejudice to resubmission in March 2018. Subsequently, by deed dated November 6, 2018, and recorded six days later, Junction conveyed the property to One Six Nine, Inc. (hereinafter One Six Nine). The plaintiff then submitted another proposed order to the court based upon the December 2016 decision. By order dated December 6, 2019 (hereinafter the December 2019 order), the court, among other things, granted the plaintiff's motion for leave to reargue its prior renewed motion for leave to enter a default judgment against Abedin and appointed a referee to compute the amounts due.
Thereafter, in March 2021, Abedin moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, or, in the alternative, pursuant to 22 NYCRR 202.48(b) to vacate the December 2016 decision and the December 2019 order. The plaintiff then cross-moved, inter alia, pursuant to CPLR 1018 and, in effect, CPLR 1021 for leave to amend the caption to substitute One Six Nine as a party defendant in place of Abedin and pursuant to CPLR 3025(b) for leave to amend the complaint accordingly. In its papers in support of its cross-motion, the plaintiff waived its right to seek a deficiency judgment against Abedin. By order entered June 9, 2022, the Supreme Court, among other things, denied Abedin's motion and denied those branches of the plaintiff's cross-motion which were pursuant to CPLR 1018 and, in effect, CPLR 1021 for leave to substitute One Six Nine as a party defendant in place of Abedin and pursuant to CPLR 3025(b) for leave to amend the complaint accordingly. Abedin appeals, and the plaintiff cross-appeals.
Contrary to Abedin's contention, the Supreme Court properly denied his motion. "Pursuant to RPAPL 1311(1), 'necessary defendants' in a mortgage foreclosure action include, among others, '[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein'" (Nationstar Mtge., LLC v Foltishen Inst., 199 AD3d 1011, 1012, quoting RPAPL 1311[1]). By contrast, "[a] mortgagor who has made an absolute conveyance of all his or her interest in the mortgaged premises is not a necessary party to a foreclosure action unless a deficiency judgment is sought" (Citimortgage, Inc. v Warsi, 212 AD3d 592, 594). "[S]o long as [such a mortgagor] remains a named defendant in [an] action, [the mortgagor] has the right to challenge the court's jurisdiction over him [or her]" (Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d 973, 974; see Wilmington Trust Co. v Valdivieso, 207 AD3d 783, 785), but otherwise has no "standing to defend the action" (U.S. Bank N.A. v Nur, 208 AD3d 708, 708; see Moret, LLC v NewBank, 194 AD3d 809, 810). Here, Abedin conveyed his interest in the property to Junction in November 2016, and the plaintiff subsequently waived its right to seek a deficiency judgment against him. Therefore, the court correctly denied Abedin's motion, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, in effect, on the ground that he lacked standing to defend the action at that time (see U.S. Bank N.A. v Nur, 208 AD3d at 708; Moret, LLC v NewBank, 194 AD3d at 810; U.S. Bank N.A. v Davids, 188 AD3d 943, 944).
However, the Supreme Court should have granted those branches of the plaintiff's cross-motion which were pursuant to CPLR 1018 and, in effect, CPLR 1021 for leave to amend the caption to substitute One Six Nine as a party defendant in place of Abedin and pursuant to CPLR [*3]3025(b) for leave to amend the complaint accordingly. "Leave to amend a pleading should be freely given (see CPLR 3025[b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (Mortgage Elec. Registration Sys., Inc. v Holmes, 131 AD3d 680, 682 [internal quotation marks omitted]). Moreover, "'[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action' (CPLR 1018). 'A motion for substitution may be made by the successors or representatives of a party or by any party' (CPLR 1021)" (U.S. Bank, N.A. v Duran, 174 AD3d 768, 769). "CPLR 1021 requires a motion for substitution to be made within a reasonable time" (Rosenblatt v Doe, 172 AD3d 936, 937). "In determining reasonableness, a court should consider the plaintiff's diligence in seeking substitution, prejudice to the other parties, and whether the action is shown to have potential merit" (Byner v Murray-Taylor, 208 AD3d 1214, 1216). "Even if the plaintiff's explanation for the delay is not satisfactory, the court may still grant the motion for substitution if there is no showing of prejudice and there is potential merit to the action, in light of the strong public policy in favor of disposing of matters on the merits" (Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d 796, 797-798; see Largo-Chicaiza v Westchester Scaffold Equip. Corp., 90 AD3d at 717; Peters v City of N.Y. Health & Hosps. Corp., 48 AD3d 329, 329). Here, although the plaintiff failed to provide any explanation for the lengthy delay in moving for leave to amend the caption to substitute One Six Nine as a party defendant in place of Abedin and to amend the complaint accordingly, the record indicates that the action has merit and there was no indication that the plaintiff's delay prejudiced One Six Nine or any other defendant (see Largo-Chicaiza v Westchester Scaffold Equip. Corp., 90 AD3d at 717; Degregorio v American Mfrs. Mut. Ins. Co., 90 AD3d 694, 696; Peters v City of N.Y. Health & Hosps. Corp., 48 AD3d at 329). Therefore, under the circumstances presented, the court improvidently exercised its discretion in denying those branches of the plaintiff's motion which were pursuant to CPLR 1018 and, in effect, CPLR 1021for leave to amend the caption to substitute One Six Nine as a party defendant in place of Abedin and pursuant to CPLR 3025(b) for leave to amend the complaint accordingly (see Petion v New York City Health & Hosps. Corp., 175 AD3d 519, 520; U.S. Bank, N.A. v Duran, 174 AD3d at 769; Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan, 67 AD3d 750, 751).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., GENOVESI, CHAMBERS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court