U.S. Bank N.A. v Davids (2020 NY Slip Op 06571)





U.S. Bank N.A. v Davids


2020 NY Slip Op 06571


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-12972
 (Index No. 507298/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Dale Davids, appellant, et al., defendants.


Harold J. Schwartz (Alan J. Wohlberg, Brooklyn, NY, of counsel), for appellant.
Hogan Lovells US LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Joseph S. Jacobs], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dale Davids appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 5, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a) to vacate an order of the same court dated December 9, 2016, inter alia, granting those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, for leave to amend his answer to assert a statute of limitations defense, and to vacate the referee's report.
ORDERED that the order dated September 5, 2017, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Dale Davids (hereinafter the defendant), among others, to foreclose a mortgage on residential property in Brooklyn. The defendant, appearing pro se, interposed an answer in which he asserted various affirmative defenses. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant failed to oppose the motion. In an order dated December 9, 2016, the Supreme Court granted the plaintiff's motion. In March 2017, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1), (3), and (4) to vacate the order dated December 9, 2016, for leave to amend his answer to assert a statute of limitations defense, and to vacate the referee's report. The plaintiff opposed the motion. In an order dated September 5, 2017, the court denied the defendant's motion. The defendant appeals.
The defendant transferred his entire interest in the subject property to a limited liability company after the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment and for an order of reference, and the plaintiff waived any claim for a deficiency judgment against him. Under those circumstances, the defendant no longer had any interest in the property. Therefore, we agree with the Supreme Court's determination that the defendant lacked standing to defend the action (see Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d 973, 974; Bancplus Mtge. Corp. v Galloway, 203 AD2d 222, 223).
Accordingly, we agree with the Supreme Court's determination denying those branches of the defendant's motion which were pursuant to CPLR 5015(a) to vacate the order dated December 9, 2016, for leave to amend his answer to assert a statute of limitations defense, and to vacate the referee's report.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court