Nationstar Mtge., LLC v Foltishen Inst. (2021 NY Slip Op 06620)





Nationstar Mtge., LLC v Foltishen Inst.


2021 NY Slip Op 06620


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-14780
 (Index No. 36195/13)

[*1]Nationstar Mortgage, LLC, respondent,
v
Foltishen Institution, appellant, et al., defendants.


Menashe & Associates LLP, Montebello, NY (Shoshana Schneider and Yecheskel Menashe of counsel), for appellant.
Sandelands Eyet LLP, New York, NY (Michael T. Madaio and Margaret Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Foltishen Institution appeals from an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated November 29, 2018. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against it for failure to join a necessary party and granted that branch of the cross motion of CitiMortgage, Inc., which was to amend the caption to omit Sholom M. Twersky as a defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2003, Sholom M. Twersky borrowed the sum of $459,000 from Lehman Brothers Bank, FSB. The loan was memorialized by a note and secured by a mortgage encumbering certain property in Monsey. In May 2007, Twersky conveyed his entire interest in the property to the defendant Foltishen Institution (hereinafter Foltishen). The mortgage was subsequently assigned to CitiMortgage, Inc. (hereinafter CitiMortgage).
In or about December 2013, CitiMortgage commenced this action to foreclose the mortgage against Twersky and Foltishen, among others. Twersky moved to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and the Supreme Court denied the motion. On appeal, however, this Court reversed the Supreme Court's order and granted Twersky's motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (see CitiMortgage, Inc. v Twersky, 153 AD3d 1230). In the interim, the mortgage was assigned to Nationstar Mortgage, LLC (hereinafter Nationstar).
In or about March 2018, Foltishen moved, inter alia, pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against it for failure to join Twersky as a necessary party. CitiMortgage cross-moved, among other things, to amend the caption to omit Twersky as a defendant. By order dated November 29, 2018, the Supreme Court, inter alia, denied that branch of Foltishen's motion which was pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against it for failure to join a necessary party and granted that branch of CitiMortgage's [*2]cross motion which was to amend the caption to omit Twersky as a defendant. Foltishen appeals.
Pursuant to RPAPL 1311(1), "necessary defendants" in a mortgage foreclosure action include, among others, "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein." Here, CitiMortgage demonstrated that Twersky was not a necessary party to the action, as he had conveyed his entire interest in the mortgaged premises to Foltishen, and CitiMortgage waived its right to seek a deficiency judgment against him (see DLJ Mtge. v 44 Brushy Neck, Ltd., 51 AD3d 857).
Accordingly, under the circumstances of this case, the Supreme Court properly denied that branch of Foltishen's motion which was pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against it for failure to join Twersky as a necessary party. For the same reasons, the court properly granted that branch of CitiMortgage's cross motion which was to amend the caption to omit Twersky as a defendant.
Foltishen's remaining contention is without merit.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court