U.S. Bank N.A. v Nur (2022 NY Slip Op 04992)

U.S. Bank N.A. v Nur

2022 NY Slip Op 04992

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-07389
 (Index No. 517399/17)

[*1]U.S. Bank N.A., etc., respondent, 
v
Mohammad Nur, et al., defendants, Jefferson & Sons, LLC, defendant- appellant; Eleven Forty, Inc., nonparty-appellant.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for defendant-appellant and nonparty-appellant.
McCarter & English, LLP, New York, NY (Adam M. Swanson and Jessie D. Bonaros of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jefferson & Sons, LLC, and nonparty Eleven Forty, Inc., appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 15, 2019. The order denied the motion of the defendant Jefferson & Sons, LLC, to compel the plaintiff to accept its late answer.
ORDERED that the appeal by nonparty Eleven Forty, Inc., is dismissed, as it is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed on the appeal by the defendant Jefferson & Sons, LLC; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In September 2017, the plaintiff commenced this action against the defendant Jefferson & Sons, LLC (hereinafter the defendant), among others, to foreclose a mortgage on residential property located in Brooklyn. The defendant failed to interpose a timely answer. In August 2018, the defendant transferred its interest in the property to nonparty Eleven Forty, Inc. Thereafter, in October 2018, the defendant moved to compel the plaintiff to accept its late answer. In an order dated May 15, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
Since the defendant transferred the property to Eleven Forty, Inc., after this action was commenced, the Supreme Court properly determined that the defendant no longer had any interest in the property and, therefore, lacked standing to defend the action (see Moret, LLC v NewBank, 194 AD3d 809; Valiotis v Bekas, 191 AD3d 1037; U.S. Bank N.A. v Davids, 188 AD3d 943; Totaram v Gibson, 179 AD3d 451; Bancplus Mtge. Corp. v Galloway, 203 AD2d 222).
In light of our determination, we need not consider the defendant's remaining [*2]contentions.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court