Citimortgage, Inc. v Warsi (2023 NY Slip Op 00074)

Citimortgage, Inc. v Warsi

2023 NY Slip Op 00074

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-13426 
2019-13427
2019-13428
 (Index No. 502649/14)

[*1]Citimortgage, Inc., respondent,
v
Jilani Warsi, appellant, et al., defendants.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant.
Davidson Fink, LLP, Rochester, NY (Akerman, LLP [Jordan M. Smith and Sherry Xia], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jilani Warsi appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 30, 2019, (2) an order of the same court dated October 23, 2019, and (3) an order and judgment of foreclosure and sale (one paper) of the same court, also dated October 23, 2019. The order dated January 30, 2019, insofar as appealed from, in effect, denied the motion of the defendant Jilani Warsi, inter alia, to vacate a judgment of foreclosure and sale dated May 17, 2017, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The order dated October 23, 2019, granted the plaintiff's motion, inter alia, in effect, to vacate the judgment of foreclosure and sale dated May 17, 2017, to amend the caption of the action nunc pro tunc to omit Jilani Warsi as a defendant, and for a new judgment of foreclosure and sale against the remaining defendants, and denied that defendant's cross motion for leave to renew that branch of his prior motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The order and judgment of foreclosure and sale, inter alia, granted that same relief to the plaintiff, vacated the judgment of foreclosure and sale dated May 17, 2017, amended the caption of the action nunc pro tunc to omit Jilani Warsi as a defendant, and directed the sale of the subject property.
ORDERED that the appeals from the orders dated January 30, 2019, and October 23, 2019, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders dated January 30, 2019, and October 23, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from these orders are brought up for review and have been considered on the appeal from [*2]the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In June 2008, the defendant Jilani Warsi (hereinafter the borrower) executed a note secured by a mortgage encumbering certain real property in Brooklyn. In April 2009, the borrower allegedly defaulted on his mortgage obligations. In April 2011, the borrower conveyed the property to nonparty PILF NY, LLC.
In 2014, the plaintiff commenced this action to foreclose the mortgage against the borrower, among others. The borrower failed to answer the complaint. A judgment of foreclosure and sale dated May 17, 2017 (hereinafter the 2017 judgment), was issued against, among others, the borrower.
In October 2018, the borrower moved, inter alia, to vacate the 2017 judgment and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated January 7, 2019, the Supreme Court directed a hearing on the issue of the validity of service of process upon the borrower. However, the court stated that if the plaintiff waived the right to seek a deficiency judgment against the borrower, who no longer owned the property, the borrower would no longer be a necessary party to the foreclosure action and the hearing would be unnecessary. In an order dated January 30, 2019, the court cancelled the hearing in light of the plaintiff's notification to the court that it had waived its right to seek a deficiency judgment against the borrower and, in effect, the court denied the borrower's motion, inter alia, to vacate the 2017 judgment and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
Thereafter, the plaintiff moved, inter alia, in effect, to vacate the 2017 judgment, to amend the caption of the action nunc pro tunc to omit the borrower as a defendant, and for a new judgment of foreclosure and sale against the remaining defendants. The borrower opposed the motion, and cross-moved for leave to renew that branch of his prior motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated October 23, 2019, the Supreme Court granted the plaintiff's motion and denied the borrower's cross motion. In an order and judgment of foreclosure and sale, also dated October 23, 2019, the court, inter alia, granted that same relief to the plaintiff, vacated the 2017 judgment, amended the caption nunc pro tunc to omit the borrower as a defendant, and directed the sale of the subject property.
The borrower appeals.
A mortgagor who has made an absolute conveyance of all his or her interest in the mortgaged premises is not a necessary party to a foreclosure action unless a deficiency judgment is sought (see Nationstar Mtge., LLC v Foltishen Inst., 199 AD3d 1011, 1012; PNC Bank, N.A. v Lefkowitz, 185 AD3d 1069, 1070; Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d 973, 974; DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 859). Here, the borrower conveyed his interest in the mortgaged premises to PILF NY LLC in a deed recorded on December 30, 2013. In addition, the plaintiff waived its right to seek a deficiency judgment against the borrower. Moreover, the plaintiff was precluded from seeking a deficiency judgment against the borrower due to his Chapter 7 bankruptcy discharge (see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 63). Thus, the borrower is not a necessary party to this foreclosure action. Accordingly, he was not entitled to vacatur or dismissal of the complaint based on lack of personal jurisdiction (see PNC Bank, N.A. v Lefkowitz, 185 AD3d at 1070-1071). Moreover, the borrower had no standing to challenge the plaintiff's request for a judgment of foreclosure and sale (see Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d at 974; see also Nationstar Mtge., LLC v Foltishen Inst., 199 AD3d at 1012; PNC Bank, N.A. v Lefkowitz, 185 AD3d at 1070).
The Supreme Court also properly denied the borrower's cross motion for leave to renew that branch of his motion which was to dismiss the complaint insofar as asserted against him, since the borrower failed to demonstrate that there had been a change in the law that would have altered the prior determination (see CPLR 2221[e][2]; U.S. Bank N.A. v Davids, 188 AD3d 943, 944; PNC Bank, N.A. v Lefkowitz, 185 AD3d at 1070; Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d at 974).
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court