Nationstar Mtge., LLC v Leib (2023 NY Slip Op 02318)

Nationstar Mtge., LLC v Leib

2023 NY Slip Op 02318

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-01415
2021-01416
 (Index No. 614680/19)

[*1]Nationstar Mortgage, LLC, etc., respondent, 
v
Lisa M. Leib, appellant, et al., defendants.

Justin F. Pane, P.C., Bohemia, NY, for appellant and defendant Marivia IT Consultants, Inc.
Gross Polowy, LLC (McCalla Raymer Leibert Pierce, LLC, New York, NY [Sean Howland], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lisa M. Leib appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated August 4, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were to discontinue the action insofar as asserted against the defendant Lisa M. Leib and to amend the caption accordingly. The second order, insofar as appealed from, granted the same relief, and amended the complaint and caption.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action against the defendants Lisa M. Leib and Marivia IT Consultants, Inc. (hereinafter Marivia), among others, to foreclose a mortgage on property located in Fort Salonga. After Leib and Marivia filed their answer, the plaintiff moved, inter alia, to discontinue the action insofar as asserted against Leib on the ground that she is no longer a necessary party and to amend the caption accordingly. In support, the plaintiff waived its right to seek a deficiency judgment against Leib. Leib opposed the motion.
By order dated April 4, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. In a second order dated April 4, 2020, the court, among other things, granted the same relief, amended the complaint and caption, and declared that the plaintiff may not seek a deficiency judgment against Leib. Leib appeals.
Leave to amend a pleading should be "freely given" (CPLR 3025[b]; see Bank of New York v Karistina Enterprises, LLC, 209 AD3d 820, 822) where the proposed amendment is neither palpably insufficient nor patently devoid of merit, and there is no evidence that the amendment would prejudice or surprise the opposing party (see Bank of N.Y. v C & L Interiors, Inc., 168 AD3d 800, 802). "[A] mortgagor who has made an absolute conveyance of all his [or her] interest in the mortgaged premises, including his [or her] equity of redemption, is not a necessary party to foreclosure, unless a deficiency judgment is sought on his [or her] bond" (Federal Natl. Mtge. Assn. [*2]v Connelly, 84 AD2d 805, 805; see JPMorgan Chase Bank, N.A. v Joseph, 193 AD3d 703, 704; Bank of N.Y. Mellon Trust Co. v Ungar Family Realty Corp., 111 AD3d 657, 658; see also RPAPL 1311[1]; CPLR 1001). Here, it is uncontested that Leib conveyed her interest in the property to Marivia prior to commencement of the action, and the plaintiff waived its right to seek a deficiency judgment. Thus, Leib was no longer a necessary party to the action. Contrary to Leib's contention, under the circumstances, she was not prejudiced by the inability to assert certain defenses to the action or a counterclaim for attorneys' fees.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were to discontinue the action insofar as asserted against Leib and to amend the caption accordingly.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court