Nechadim Corp. v 500 Putnam St. Realty, LLC (2025 NY Slip Op 02214)

Nechadim Corp. v 500 Putnam St. Realty, LLC

2025 NY Slip Op 02214

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2023-04310
 (Index No. 522430/21)

[*1]Nechadim Corp., respondent, 
v
500 Putnam Street Realty, LLC, et al., defendants, 500 Putnam, LLC, appellant.

Nnebe & Associates, P.C., Brooklyn, NY (O. Valentine Nnebe of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 500 Putnam, LLC, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 3, 2023. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate its default in appearing or answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer.
ORDERED that the order is affirmed, without costs or disbursements.
On September 1, 2021, the plaintiff commenced this action against the defendant 500 Putnam, LLC (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn (hereinafter the subject property). The defendant defaulted in appearing or answering the complaint. In January 2023, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate its default in appearing or answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer. By order dated March 3, 2023, the Supreme Court denied the motion. The defendant appeals.
"'A party seeking to vacate a default in appearing or answering pursuant to CPLR 5015(a)(1), and thereupon to serve a late answer, must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action'" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 611, quoting Hamilton Pub. Relations v Scientivity, LLC, 129 AD3d 1025, 1025). While the defendant asserts that it had a potentially meritorious statute of limitations defense to the action, in July 2012, the defendant transferred its entire interest in the subject property, and the plaintiff, in its opposition to the defendant's motion, expressly waived any claim for a deficiency judgment against the defendant. "Under th[e]se circumstances, the defendant no longer had any interest in the [subject] property" and "lacked standing to defend the action" (U.S. Bank N.A. v Davids, 188 AD3d 943, 944; see Moret, LLC v NewBank, 194 AD3d 809, 810).
Accordingly, those branches of the defendant's motion which were pursuant to CPLR 5015(a) to vacate its default in appearing or answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer were properly denied. Further, since the defendant defaulted in this action, it was not entitled to the additional relief sought in its motion.
IANNACCI, J.P., WOOTEN, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court