MTGLQ Invs., L.P. v Pettinato (2025 NY Slip Op 04567)

MTGLQ Invs., L.P. v Pettinato

2025 NY Slip Op 04567

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-00054
 (Index No. 613950/18)

[*1]MTGLQ Investors, L.P., respondent, 
v
Anne Marie Pettinato, appellant, et al., defendants.

Ronald D. Weiss, P.C., Melville, NY (Rosemarie Klie of counsel), for appellant.
Akerman LLP, New York, NY (Aliza Malouf and Jordan M. Smith of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anne Marie Pettinato appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated October 16, 2023. The order, insofar as appealed from, denied that defendant's motion to dismiss the complaint insofar as asserted against her as time-barred, granted that branch of the plaintiff's motion which was to discontinue the action insofar as asserted against that defendant, and denied that defendant's cross-motion to dismiss the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304 and 1306.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 14, 2007, the defendant Anne Marie Pettinato (hereinafter the defendant) executed a note in favor of nonparty Washington Mutual Bank, FA (hereinafter WaMu). The note was secured by a mortgage on certain real property located in Suffolk County (hereinafter the property).
On July 20, 2018, the original plaintiff, Federal National Mortgage Association (hereinafter Fannie Mae), WaMu's successor in interest, commenced the instant action to foreclose the mortgage against the defendant, among others. In an order dated January 11, 2023, the Supreme Court, inter alia, granted those branches of Fannie Mae's motion which were to deem the defendant to be in default and to substitute the plaintiff, MTGLQ Investors, L.P., for itself.
Thereafter, the defendant moved to dismiss the complaint insofar as asserted against her as time-barred. The plaintiff moved, among other things, to discontinue the action insofar as asserted against the defendant and submitted, inter alia, a deed dated May 1, 2018, and recorded on August 8, 2018, transferring the property from the defendant to the defendant Manufacturers Realty, LLC. In an affirmation in support of its motion, the plaintiff stated that it was not seeking a deficiency judgment against the defendant. The defendant opposed the plaintiff's motion and cross-moved to dismiss the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304 and 1306.
In an order dated October 16, 2023, the Supreme Court, among other things, granted [*2]that branch of the plaintiff's motion which was to discontinue the action insofar as asserted against the defendant. The court also denied the defendant's motion and cross-motion. The defendant appeals.
The Supreme Court properly granted that branch of the plaintiff's motion which was to discontinue the action insofar as asserted against the defendant and properly denied the defendant's motion and cross-motion to dismiss the complaint insofar as asserted against her. "A mortgagor who has made an absolute conveyance of all his or her interest in the mortgaged premises is not a necessary party to a foreclosure action unless a deficiency judgment is sought" (Citimortgage, Inc. v Warsi, 212 AD3d 592, 594). Here, the defendant transferred her entire interest in the property, and the plaintiff has waived any claim for a deficiency judgment against the defendant. Under these circumstances, the defendant no longer has any interest in the property, and the court properly determined that the defendant lacked standing to defend the action (see id.; U.S. Bank, N.A. v Davids, 188 AD3d 943, 944; Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d 973, 974).
The parties' remaining contentions need not be reached in view of the foregoing.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court