Wells Fargo Bank, N.A. v Reisman (2025 NY Slip Op 06216)

Wells Fargo Bank, N.A. v Reisman

2025 NY Slip Op 06216

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-06210
 (Index No. 511156/14)

[*1]Wells Fargo Bank, N.A., plaintiff,
v
Moshe Reisman, et al., defendants, Goldie Reisman, as trustee of the MGR 5-10 Trust, appellant; MCLP Asset Company, Inc., nonparty-respondent.

Berg & David PLLC, Inwood, NY (Abraham David and Sholom Wohlgelernter of counsel), for appellant.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Goldie Reisman, as trustee of the MGR 5-10 Trust, appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated March 10, 2023. The order, insofar as appealed from, denied those branches of the cross-motion of the defendant Goldie Reisman, as trustee of the MGR 5-10 Trust, and the proposed intervenor, Moshe Reisman, which were to dismiss the complaint insofar as asserted against the defendant Goldie Reisman, as trustee of the MGR 5-10 Trust, for failure to join a necessary party or, in the alternative, for leave to intervene by the proposed intervenor, Moshe Reisman, in the action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2004, Moshe Reisman (hereinafter Moshe) executed a note and mortgage encumbering certain real property located in Brooklyn (hereinafter the subject property). The parties do not dispute that in 2010, Moshe conveyed his entire interest in the subject property to the defendant Goldie Reisman, as trustee of the MGR 5-10 Trust (hereinafter the appellant). In 2014, the plaintiff commenced this action to foreclose the mortgage against the appellant and Moshe, among others. The plaintiff thereafter elected to waive any claim to a deficiency judgment against Moshe and moved, inter alia, to discontinue the action insofar as asserted against him. The Supreme Court, among other things, granted that branch of the motion in March 2020.
Subsequently, in response to a motion by the plaintiff, the appellant and Moshe, as a proposed intervenor, cross-moved, inter alia, to dismiss the complaint insofar as asserted against the appellant on the basis that Moshe was a necessary party to the action or, in the alternative, for leave to intervene by Moshe in the action. In support of the cross-motion, the appellant and Moshe relied upon a deed dated November 8, 2019, executed by Goldie Reisman in her individual capacity, purporting to transfer the subject property to Moshe. By order dated March 10, 2023, the Supreme Court, among other things, denied those branches of the cross-motion.
"A mortgagor who has made an absolute conveyance of all his or her interest in the mortgaged premises is not a necessary party to a foreclosure action unless a deficiency judgment is sought" (Citimortgage, Inc. v Warsi, 212 AD3d 592, 594; see Nationstar Mtge., LLC v Leib, 216 AD3d 651, 651). Here, since it is undisputed that Moshe conveyed his interest in the subject property to the appellant and that the plaintiff waived any claim to a deficiency judgment against Moshe, Moshe is not a necessary party to this foreclosure action (see Nationstar Mtge., LLC v Foltishen Inst., 199 AD3d 1011).
Furthermore, the 2019 deed on which the appellant relies was executed by Goldie Reisman in her individual capacity, not in her capacity as trustee of the MGR 5-10 Trust. Inasmuch as there is no evidence in this record that Goldie Reisman, individually, held any interest in the subject property that she could convey to Moshe, the record does not establish that Moshe obtained any interest in the subject property by virtue of the 2019 deed.
Accordingly, we affirm the order insofar as appealed from.
The remaining contention of the nonparty-respondent, MCLP Asset Company, Inc., is without merit.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court