Bank of Am., N.A. v Latif (2025 NY Slip Op 06303)

Bank of Am., N.A. v Latif

2025 NY Slip Op 06303

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2024-02509
 (Index No. 130028/09)

[*1]Bank of America, N.A., etc., respondent,
v
Tausif A. Latif, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (James Tierney and Steven Amshen of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Karena J. Straub and Mitchell S. Kurtz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tausif A. Latif appeals from an order and amended judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Desmond A. Green, J.), dated January 25, 2024. The order and amended judgment of foreclosure and sale, upon an order of the same court dated February 3, 2023, denying those branches of the motion of that defendant which were (1) pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale dated February 2, 2010, and so much of an order dated September 25, 2009, as, in effect, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference, and (2) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against that defendant for lack of personal jurisdiction, inter alia, granted those branches of the plaintiff's motion which were, in effect, to amend the judgment of foreclosure and sale dated February 2, 2010, so as to delete the provision thereof permitting the plaintiff to seek a deficiency judgment against that defendant and to discontinue the action against that defendant, and directed the sale of the subject property.
ORDERED that the order and amended judgment of foreclosure and sale is affirmed, with costs.
On January 8, 2009, the plaintiff commenced this action against the defendant Tausif A. Latif (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Staten Island (hereinafter the property), which was then owned by the defendant. The defendant failed to appear or answer the complaint, and by order dated September 25, 2009, the Supreme Court, inter alia, in effect, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference. Thereafter, the court issued a judgment of foreclosure and sale dated February 2, 2010, which, among other things, permitted the plaintiff to seek a deficiency judgment against the defendant (hereinafter the 2010 judgment of foreclosure and sale).
In or around October 2015, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the 2010 judgment of foreclosure and sale and so much of the order dated September 25, 2009, as, in effect, granted those branches of the plaintiff's motion which were for leave to enter a [*2]default judgment against him and for an order of reference, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated November 19, 2015, the Supreme Court denied the motion. In a prior appeal, this Court reversed so much of the November 19, 2015 order as denied those branches of the defendant's motion which were to vacate the 2010 judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him, and remitted the matter for a hearing on the validity of service upon the defendant (see Bank of Am., N.A. v Latif, 148 AD3d 967). In an order dated February 3, 2023, the Supreme Court, after a hearing, again denied the defendant's motion.
Meanwhile, in November 2015, the defendant had conveyed his entire interest in the premises to Asif Latif Shaikh. The deed was recorded on December 11, 2015. Based upon the defendant's transfer of his entire interest in the property, and upon electing to waive its right to seek a deficiency judgment against the defendant, in June 2023 the plaintiff moved, inter alia, in effect, to amend the judgment of foreclosure and sale so as to delete the provision thereof permitting the plaintiff to seek a deficiency judgment against the defendant and to discontinue the action against the defendant. By order and amended judgment of foreclosure and sale dated January 25, 2024, the Supreme Court, among other things, granted those branches of the plaintiff's motion and directed the sale of the property. The defendant appeals.
Unless a deficiency judgment is sought, "[a] mortgagor who has made an absolute conveyance of all his or her interest in the mortgaged premises is not a necessary party to a foreclosure action" (Citimortgage, Inc. v Warsi, 212 AD3d 592, 594) and "effectively divest[s] himself or herself of standing to challenge [a] plaintiff's request for a judgment of foreclosure and sale" (Valiotis v Bekas, 191 AD3d 1037, 1038 [internal quotation marks omitted]). Since the plaintiff here elected to waive its right to seek a deficiency judgment against the defendant, the defendant was not entitled to vacatur of the 2010 judgment of foreclosure and sale or dismissal of the complaint insofar as asserted against him based on lack of personal jurisdiction (see Citimortgage, Inc. v Warsi, 212 AD3d at 594; PNC Bank, N.A. v Lefkowitz, 185 AD3d 1069, 1070).
Furthermore, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in declining to apply the doctrine of laches so as to bar the plaintiff's motion, inter alia, to amend the 2010 judgment of foreclosure and sale and discontinue the action against him. "The doctrine of laches is an equitable doctrine which bars the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to a party" (Mundel v Harris, 199 AD3d 814, 815 [internal quotation marks omitted]; see Fakiris v Fakiris, 175 AD3d 1390, 1391). Inasmuch as the defendant's personal liability was eliminated and he no longer has any interest in the property, the defendant failed to show any prejudice to him arising from the plaintiff's motion. The defendant did not suffer prejudice or a change of position "simply by defending [himself] in the action" (Simmons v Bell, 220 AD3d 647, 649).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court