Nationstar v Public Admr. of Kings County (2026 NY Slip Op 01371)

Nationstar v Public Admr. of Kings County

2026 NY Slip Op 01371

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-08211
 (Index No. 506358/19)

[*1]Nationstar, etc., appellant, 
vPublic Administrator of Kings County, etc., et al., defendants, Antoine Ray, as heir to the estate of Gloria Scrubbs, etc., respondent.

Stradley Ronon Stevens & Young, LLP, New York, NY (Ariel E. Finkelstein of counsel), for appellant.
Richland & Falkowski, PLLC, Washingtonville, NY (Daniel H. Richland of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated February 5, 2024. The order, insofar as appealed from, granted the motion of the defendant Antoine Ray, as heir to the estate of Gloria Scrubbs, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned, and denied those branches of the plaintiff's cross-motion which were, in effect, to substitute B & H 1301 Holding Corp. as a party defendant in place of the defendant Antoine Ray, as heir to the estate of Gloria Scrubbs, and to amend the caption accordingly.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Antoine Ray, as heir to the estate of Gloria Scrubbs, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On August 24, 2007, Gloria Inez Scrubbs (hereinafter the decedent) executed a note in the principal sum of $544,185 in favor of BNY Mortgage Company, LLC (hereinafter BNY). The note was secured by a reverse mortgage on certain real property located in Brooklyn.
In April 2013, the decedent died. In accordance with paragraph 7 of the mortgage agreement, her death gave the lender the option to accelerate the mortgage debt.
By deed dated July 7, 2017, Antoine Ray (hereinafter the defendant), who was an heir to the decedent's estate, and Felecia Ray deeded the property to B & H 1301 Holding Corp. (hereinafter B & H). The conveyance was recorded on November 16, 2018.
By summons and complaint dated March 22, 2019, the plaintiff, which was BNY's successor in interest, commenced this action against the defendant, among others, to foreclose the mortgage. The defendant failed to appear or answer the complaint.
In September 2023, the defendant moved pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The plaintiff opposed the motion and cross-moved, inter alia, in effect, to substitute B & H as a party defendant in place of the defendant and to amend the caption accordingly. The Supreme Court granted the defendant's motion and denied those branches of the plaintiff's cross-motion. The plaintiff appeals.
"'A mortgagor who has made an absolute conveyance of all his or her interest in the mortgaged premises is not a necessary party to a foreclosure action unless a deficiency judgment is sought'" (LaSalle Bank N.A. v Abedin, 236 AD3d 773, 776 [alteration omitted], quoting Citimortgage, Inc. v Warsi, 212 AD3d 592, 594). "'[S]o long as [such a mortgagor] remains a named defendant in [an] action, [the mortgagor] has the right to challenge the court's jurisdiction over him [or her]'" (id., quoting Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d 973, 974). Such a mortgagor otherwise has no "'standing to defend the action'" (id., quoting U.S. Bank N.A. v Nur, 208 AD3d 708, 708; see Moret, LLC v NewBank, 194 AD3d 809, 810).
Here, the defendant conveyed his interest in the property to B & H in 2017. Further, as the loan documents contained a provision that the mortgage debt was nonrecourse, such that the lender was not permitted to "use or attach any of [the decedent's] other assets or property [other than the subject property] to satisfy the Loan obligation," no deficiency judgment will result (OneWest Bank N.A. v Muller, 189 AD3d 853, 857 [internal quotation marks omitted]). Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint as abandoned, on the ground that the defendant lacked standing to defend the action at the time he made that motion (see LaSalle Bank N.A. v Abedin, 236 AD3d at 776; U.S. Bank N.A. v Nur, 208 AD3d at 708; Moret, LLC v NewBank, 194 AD3d at 810).
On its cross-motion, the plaintiff failed to demonstrate that B & H should be substituted as a party defendant in place of the defendant, as the plaintiff failed to, among other things, adequately explain the reason why it did not commence the action against B & H in the first instance when B & H held title to the property as early as 2017, prior to the commencement of this action in 2019. Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was, in effect, to substitute B & H as a party defendant in place of the defendant.
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court