Bayview Loan Servicing, LLC v Chechetkin

2026 NY Slip Op 02237

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Bayview Loan Servicing, LLC, plaintiff,

v

Artur Chechetkin, etc., et al., defendants, Marsha Aron, appellant; 1900 Capital Trust II, etc., nonparty-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-00042, (Index No. 515796/17)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Lourdes M. Ventura, JJ.

The David R. Smith Law Group, PLLC, New York, NY, for appellant.

Hill Wallack, LLP, New York, NY (Michael C. Manniello of counsel), for nonparty-respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Marsha Aron appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Larry D. Martin, J.), entered July 27, 2023. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.

ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.

On August 27, 2006, the defendant Artur Chechetkin (hereinafter the borrower) executed a note in the amount of $440,000 in favor of nonparty JPMorgan Chase Bank, N.A. (hereinafter JPMorgan). The note was secured by a mortgage on certain real property located in Brooklyn.

On July 31, 2017, the plaintiff, Bayview Loan Servicing, LLC, JPMorgan's successor in interest, commenced this action to foreclose the mortgage against the borrower and the defendant Marsha Aron (hereinafter the defendant), among others. The complaint alleged that the defendant was the record owner of the subject property. In two orders, both dated May 1, 2019, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and appointed a referee to compute the amount due on the note.

In a deed dated December 1, 2022, and recorded on January 20, 2023, the defendant conveyed her interest in the property to nonparty Mutual Consulting Group, LLC (hereinafter MCG).

On March 23, 2023, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion.

In an order and judgment of foreclosure and sale entered July 27, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. The order and judgment also amended the caption to substitute the respondent—1900 Capital Trust II, by U.S. Bank Trust National Association, not in its individual capacity but solely as Certificate Trustee—for the plaintiff. The defendant appeals.

Here, the defendant conveyed her interest in the property to MCG in a deed recorded on January 20, 2023—approximately two months before the plaintiff made the instant motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. Thus, the defendant—who had merely been the record owner of the property and was neither borrower nor mortgagor—had no standing to challenge the plaintiff's request for a judgment of foreclosure and sale (see Citimortgage, Inc. v Warsi, 212 AD3d 592, 594; U.S. Bank N.A. v Davids, 188 AD3d 943, 944).

The parties' remaining contention need not be reached in light of our determination.

GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court