U.S. Bank, N.A. v New York City Tr. Adjudication Bur.

2026 NY Slip Op 02432

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank, National Association, etc., respondent,

v

New York City Transit Adjudication Bureau, et al., defendants; John Evelyn, nonparty-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2023-09742, (Index No. 7490/08)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Lourdes M. Ventura, JJ.

Menashe & Associates, LLP, Montebello, NY (Chezki Menashe of counsel), for nonparty-appellant.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Adam Weiss of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, John Evelyn appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 26, 2023. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated October 28, 2022, inter alia, in effect, denying the cross-motion of John Evelyn pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against him as abandoned, and upon an order of the same court dated November 4, 2022, granting that branch of the motion of the plaintiff's predecessor in interest which was pursuant to CPLR 1003 to "drop" John Evelyn as a named defendant and to amend the caption accordingly, directed the sale of the subject property.

ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.

In 2006, John Evelyn executed a note that was secured by a mortgage on certain residential property located in Brooklyn. Evelyn allegedly defaulted on his obligations under the note and mortgage, and in March 2008, LaSalle Bank, N.A. (hereinafter LaSalle), commenced this action to foreclose the mortgage against Evelyn, among others. By deed dated March 16, 2015, Evelyn transferred his interest in the property to nonparty 9228 Management, LLC.

In 2022, LaSalle moved, inter alia, to substitute U.S. Bank, National Association (hereinafter U.S. Bank), as the plaintiff, and for an order of reference. Evelyn cross-moved pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against him as abandoned. LaSalle then moved, among other things, pursuant to CPLR 1003 to "drop" Evelyn as a named defendant on the ground that he was no longer a necessary party, and to amend the caption accordingly. LaSalle waived the right to seek a deficiency judgment against Evelyn. Evelyn opposed the motion.

In an order dated October 28, 2022, the Supreme Court granted LaSalle's motion, inter alia, to substitute U.S. Bank as the plaintiff and for an order of reference, and, in effect, denied Evelyn's cross-motion. In an order dated November 4, 2022, the court granted that branch of [*2]LaSalle's motion which was pursuant to CPLR 1003 to "drop" Evelyn as a named defendant and to amend the caption accordingly. Subsequently, U.S. Bank moved, among other things, for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated July 26, 2023, the court granted U.S. Bank's motion and, inter alia, directed the sale of the property. Evelyn appeals.

Pursuant to CPLR 1003, "[p]arties may be dropped by the court, on motion of any party or on its own initiative, at any stage of the action and upon such terms as may be just." A mortgagor who has made an absolute conveyance of all his or her interest in the mortgaged premises is not a necessary party to a foreclosure action unless a deficiency judgment is sought (see Citimortgage, Inc. v Warsi, 212 AD3d 592, 594; Nationstar Mtge., LLC v Foltishen Inst., 199 AD3d 1011, 1012; PNC Bank, N.A. v Lefkowitz, 185 AD3d 1069, 1070). Here, in support of its motion, LaSalle established that Evelyn had conveyed his interest in the mortgaged property, and LaSalle waived the right to seek a deficiency judgment against Evelyn. Thus, Evelyn was no longer a necessary party to this foreclosure action, and the Supreme Court properly granted that branch of LaSalle's motion which was pursuant to CPLR 1003 to "drop" Evelyn as a named defendant and to amend the caption accordingly (see Nationstar Mtge., LLC v Foltishen Inst., 199 AD3d at 1012; DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 859).

The parties' remaining contentions are either without merit or academic in light of our determination.

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court